363 A.2d 1313

**Lawrence M. COSTA**

v.

**Beulah J. LAIR, a/k/a Beulah J. Blair, Appellant,**

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided Sept. 23, 1976.

518

Robert E. Wayman, Bernard J. McAuley, Wayman, Irwin, Trushel & McAuley, Pittsburgh, for appellant.

Richard W. Gilardi, Gilardi & Cooper, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PER CURIAM.

On September 24, 1975, the appellee filed an action in trespass against the appellant for personal injuries arising from an automobile accident which occurred on August 1, 1975. Although the appellee's cause of action arose prior to the effective date of the recent act of the Pennsylvania General Assembly which adopted the doctrine of comparative negligence,[1] the lower court ordered that the legislative act ". . . is hereby to be applied retroactively in this action; and alternatively . . . if the [act] . . . is declared to apply only

---

1. The Comparative Negligence Act No. 152, effective September 7, 1976.

prospectively, the judge-made common law doctrine of contributory negligence is hereby abrogated and the comparative negligence doctrine is to be applied to this case . . . ." The appellant contends [2] that the lower court erred by precluding her from asserting contributory negligence as a defense to the instant action. We reverse the orders of the lower court and hold that the law of comparative negligence is not to be applied to any case in which cause of action arises prior to September 7, 1976, the effective date of the Comparative Negligence Act No. 152.

After careful examination of the Comparative Negligence Act No. 152 (Act),[3] we are convinced that the Act is to be applied prospectively rather than retroactively. There is no provision in the Act which indicates that it was intended to apply to causes of action arising prior to its passage. The Pennsylvania Supreme Court has stated it to be a fundamental rule of statutory construction that ". . . statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature (citations omitted)." *Farmers National Bank & Trust Co. v. Berks County Real Estate Co.*, 333 Pa. 390, 393, 5 A.2d 94, 95 (1939). This

**2.** This interlocutory appeal was certified by the lower court in accordance with the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, Art. V, § 501 (17 P.S. § 211.501), and pursuant to our discretionary power we will consider this appeal on the merits.

**3.** The Comparative Negligence Act No. 152, reads in pertinent part:

"Comparative Negligence. In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff."

principle has been promulgated as law by our legislature in 1 Pa.C.S. § 1926, which provides: "No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly." It is also axiomatic that: " 'Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted.' " *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 154, 154 (1960), *quoting Barnesboro Borough v. Speice,* 40 Pa. Super. 609, 612 (1909). To be applied retroactively, a statute must not affect a "substantive right." *See Smith v. Fenner, supra.*

Prior to the effective date of the Act, a plaintiff was required to be free of any personal fault contributing to his injury in order to establish liability in a civil action for negligence. "Contributory negligence is a defense because it introduces into a case a new cause of plaintiff's injury making defendant's negligence no longer the legal cause." *Elliott v. Philadelphia Transportation Company,* 356 Pa. 643, 648, 53 A.2d 81, 83 (1947). Under the Act, however, a plaintiff whose negligence is less than that of the defendant is not precluded from recovery due to his contributory negligence, but is allowed recovery reduced by the proportion of his fault. Thus, if applied retroactively, the Act would create legal liability for damages which did not exist at the time the accident occurred.[4]

4. We do not wish this opinion to be construed as holding that there is a vested right to the defense of contributory negligence. We hold solely that the retroactive application of the Act would affect the legal character of past actions in a substantive, rather than a procedural, manner. Thus, we believe that a vested right and a substantive right are not necessarily identical, and agree with the Supreme Court of Oregon that "whether vested rights are affected is not the sole criterion used in Oregon in determining if a particular statute is to be given retroactive application." *Joseph v. Lowery,* 261 Or. 545, 551, 495 P.2d 273, 276 (1972).

The lower court, in its opinion, extolls the "wisdom" of the new Act and vehemently urges us to apply the doctrine of comparative negligence to all cases arising prior to the effective date of the Act. In its zeal, the lower court, however, fails to appreciate that: "Retroactive legislation is so offensive to the Anglo Saxon sense of justice that it is never favored." *Sawdey Liquor License Case*, 369 Pa. 19, 22, 85 A.2d 28, 30 (1951). Although we recognize that the doctrine of contributory negligence may sometimes appear harsh, be believe that it is imperative that the people be able to calculate their legal responsibilities upon the law as it exists when they act. We agree with the Supreme Court of Oregon, when it stated:

> "Certainly, no one has an accident upon the faith of the then existing law. However, it would come as a shock to someone who has estimated his probable liability arising from a past accident, and who has planned his affairs accordingly, to find that his responsibility therefor is not to be determined as of the happening of the accident but is also dependent upon what the legislature *might* subsequently do. Every day it is necessary in the conduct of the affairs of individuals and of businesses to make a closely calculated estimate of the responsibility or lack thereof resulting from an accident or from other unforeseen and unplanned circumstances and to act in reliance on such estimate. We believe there is merit in the prior view of this court, as demonstrated by its decisions, that, in the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts." *Joseph v. Lowery*, 261 Or. 545, 551–52, 495 P.2d 273, 276 (1972).[5]

5.  The courts of several other States have also held that it would be unfair to apply a comparative negligence statute absent ex-

We therefore hold that the Act is not to be retroactively applied.

■ The lower court not only ruled that the Act be applied retroactively, but also ordered that the doctrine of comparative negligence shall govern the instant case even if the Act be deemed inapplicable. We believe this order to be improper. Prior to the passage of the Act, the doctrine of comparative negligence was not recognized in this Commonwealth. We will therefore reverse the order of the lower court on this point.

The orders of the lower court are reversed.

press legislative mandate. *See Moore v. Fenton,* 289 A.2d 698 (Me.1972); *Reddell v. Norton,* 225 Ark. 643, 285 S.W.2d 328 (1955); *Brewster v. Ludtke,* 211 Wis. 344, 247 N.W. 449 (1933); *But see Godfrey v. State,* 84 Wash.2d 959, 530 P.2d 630 (1975).