## Bear v. Yuda

*Samuel L. Andes,* for plaintiffs.
*J. Wesley Oler, Jr.,* for defendants.

SHEELY, *J.,* October 22, 1980—Plaintiffs, J. Lehman Bear and Mary E. Bear, commenced this action in equity on December 5, 1979 against defendants, George W. Yuda and Margaret E. Yuda, seeking to obtain a prescriptive easement across defendants' land in North Middleton Township, Cumberland County. Plaintiff, J. Lehman Bear, has owned the tract of land which adjoins defendants' property for 23 years. By their complaint, plaintiffs aver that they have made open and continuous use of a right-of-way across defendants' land in order to conveniently reach their property. They further allege that defendants have obstructed the right-of-way with stones and a chain barrier to prevent plaintiffs from using it. Plaintiffs request this court to grant them a prescriptive easement and to enjoin defendants from obstructing the roadway in the future.

Following the filing of the complaint, the parties

stipulated that defendants' land has been unenclosed woodland for the past 25 years. Defendant demurred to the complaint.. Following oral argument defendants withdrew their demurrer upon the suggestion of the court that it was procedurally improper and filed an answer raising new matter. Plaintiffs filed a reply on August 18, 1980. The matter is now before us on a motion for judgment on the pleadings. After considering the pleadings, we make the following:

## FINDINGS OF FACT

1. Plaintiffs, J. Lehman Bear and Mary E. Bear, his wife, are adult individuals residing in West Pennsboro Township, Cumberland County, Pa.

2. Defendants, George W. Yuda and Margaret E. Yuda, his wife, are adult individuals residing in the Borough of Carlisle, Cumberland County, Pa.

3. Plaintiffs own 16.456 acres of land situate in North Middleton Township, Cumberland County, Pa., as described in deeds contained in Deed Book Q, Volume 25, page 489, in the Recorder of Deeds Office in and for Cumberland County, Pa.

4. Plaintiff, J. Lehman Bear, has owned said land for more than 23 years.

5. Defendants own land situate in North Middleton Township, Cumberland County, Pa., which is described in deeds recorded in Deed Book R, Volume 28, at Page 23 and in Deed Book L, Volume 25, at Page 299, in the Recorder of Deeds Office in and for Cumberland County, Pa.

6. The lands owned by plaintiffs and defendants in North Middleton Township are adjoining.

7. For the past 25 years, defendants' land has been unenclosed woodland, containing no buildings or structures.

8. An unpaved roadway crosses defendants' land for approximately 150 feet and continues onto plaintiffs' land.

9. Plaintiffs have made open, notorious, adverse, and continuous use of the right-of-way crossing defendant's ground.

10. In September of 1979 defendants obstructed said roadway with stones and a chain barrier.

11. Plaintiffs require the use of said right-of-way or roadway to reach their property conveniently.

## DISCUSSION

The Pennsylvania Supreme Court has said, in London v. Kingsley, 368 Pa. 109, 111, 81 A. 2d 870, 871 (1951), that:

"A motion for judgment on the pleadings is in effect a demurrer and in considering the same the Court should be guided by the same principles as were heretofore applicable in disposing of a preliminary objection in the nature of a demurrer. On such a motion the Court must accept as true—even though denied—averments of fact by the opposing party which are material and relevant; but . . . conclusions of law [are not admitted]. Judgment on the pleadings should be entered only where the right is clear and free from doubt."

Even accepting as true plaintiffs' averment that they have made open, notorious, adverse and continuous use of the right-of-way on defendants' land, plaintiffs have failed to establish a prescriptive easement. Prior to 1850, a prescriptive easement through unenclosed woodland could be obtained by adverse use, as a matter of common law: Worrall v. Rhoads, 2 Wharton 427 (1837). To prove a prescrip-

tive easement at common law, plaintiff had to establish an open, notorious and continuous adverse use for a period longer than 21 years. However, the Act of April 25, 1850, P.L. 569, sec. 21, 68 P.S. §411 (hereinafter Act of 1850), provided that no prescriptive easement could be obtained through unenclosed woodland: Humberston v. Humbert, 267 Pa. Superior Ct. 518, 407 A. 2d 31 (1979). Because the Act of 1850 was repealed by "housekeeping amendments" to the Probate, Estates and Fiduciaries Code in the Act of December 10, 1974, P.L. 867, sec. 19, 68 P.S. §411, plaintiffs argue that a prescriptive easement across defendants' unenclosed woodlands can be and has been created. We disagree.

The Act of 1850 was in derogation of a common law right. It is a Pennsylvania rule of statutory construction that:

"Whenever a statute which created a personal or property right in derogation of the common law is repealed as obsolete or by a code which does not contain an express provision with respect to such personal or property right, the repeal shall not be construed to revive the prior inconsistent common law rule, but such repeal shall be construed as a recognition by the General Assembly that such personal or property right has been received into and has become a part of the common law of this Commonwealth." Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1978. We are convinced that the prohibition against prescriptive easements through unenclosed woodlands has become a part of the common law.

Furthermore, the Act of 1850 was repealed in

1974. Assuming arguendo that the repeal of the Act of 1850 does resurrect the pre-1850 common law and permit the creation of a prescriptive easement across unenclosed woodland, we could not apply the repeal retroactively.

To apply the repeal retroactively would deprive defendants of their property rights as a result of their reliance on the prior law. As the Pennsylvania Superior Court has stated when it declined to apply a statute retroactively in Costa v. Lair, 241 Pa. Superior Ct. 517, 521, 363 A. 2d 1313, 1315 (1976): '

"[I]t is imperative that the people be able to calculate their legal responsibilities upon the law as it exists when they act. . . . 'In the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts.'" (Citation omitted.)

Because only the years subsequent to 1974 could be considered in determining plaintiffs' adverse use and because that time period falls far short of the 21 year requirement for adverse possession, the easement that plaintiffs claim cannot exist. Thus, we make the following

### ORDER

And now, October 22, 1980, defendants' motion for judgment on the pleadings is granted.