562 A.2d 922

**Christine E. STOUFFER and Fred L. Stouffer, Jr., individually and as legal guardians of Jason Stouffer, a minor**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and Beverly L. Neuder and Christine E. Stouffer.**

**Appeal of Beverly L. NEUDER, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1989.

Decided July 26, 1989.

John N. Keller, Patterson, Kaminski, Keller & Kiersz, Waynesboro, for appellants.

Michael E. Kosik, Angino & Rovner, P.C., Harrisburg, for appellees.

Jessie L. Smith, Harrisburg, for Dept. of Transp.

William A. Addams, Fowler, Addams, Shughart & Rundle, Carlisle, for Christine E. Stouffer.

Before BARRY and PALLADINO, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Defendant Beverly Neuder appeals an order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, which denied her request to amend her new matter to include an affirmative defense.

Plaintiffs Christine Stouffer and her four and one half year old son Jason were injured in an automobile accident when their auto collided with Neuder's on January 18, 1985. The plaintiffs sued both Neuder and the Department of Transportation by writ of summons; the complaint was filed shortly thereafter. Neuder filed an answer and new matter raising a number of defenses not relevant here; she also joined Mrs. Stouffer as an additional defendant. At a deposition of Mrs. Stouffer taken some seven months later, she testified that neither she nor her son were wearing seat belts when the accident occurred. Neuder, on November 23, 1987, sought leave to amend her new matter to include such failure as a defense to the plaintiff's complaint. The trial court denied the request and this appeal followed.

In *Grota v. LaBoccetta*, 425 Pa. 620, 230 A.2d 206 (1967), the Supreme Court held that an order denying one permission to amend pleadings to include something in the nature of an affirmative defense is a final and appealable order. While there is a current of disenchantment with that holding, *Grim v. Betz*, 372 Pa. Superior Ct. 614, 539 A.2d 1365 (1988) (concurring opinion by Beck, J.), the order appealed from here is final.

The decision on whether to allow an amendment to the pleadings is within the discretion of the trial court. *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966). That discretion is not unfettered since amendments are to be liberally permitted unless (1) the amendment will surprise or prejudice the opposing party, or (2) the amendment is against a positive rule of law. *Berman v. Herrick*, 424 Pa. 490, 227 A.2d 840 (1967). Here, the trial court denied the amendment because of its

belief that the failure to use seat belts was not a recognized defense under Pennsylvania law. Neuder, of course, challenges the propriety of that ruling.

Our research has discovered only three appellate cases in Pennsylvania dealing with the defense of failure to wear seat belts. In *Parise v. Fehnel*, 267 Pa. Superior Ct. 79, 406 A.2d 345 (1979), the court affirmed the trial court's ruling that refused a jury instruction that failure to wear a seat belt could be contributory negligence. There, the defendant argued that common knowledge was such that it was recognized that use of seat belts prevented one from being thrown about the automobile in an accident; the Superior Court rejected this argument out of hand. It went on to point out the split of authority in other jurisdictions on the question. The court stated:

> Our decision today should not be seen as foreclosing the possibility of a so called 'seat belt defense' in future cases.... In *Barry v. Coca Cola Co.*, 99 N.J.Super. 270, 239 A.2d 273 (1967), the New Jersey Superior Court said that it might have allowed the defendant a seat belt defense if he had introduced expert testimony showing a relationship between the plaintiff's injuries and his failure to use seat belts.... That is our position.

*Id.*, 267 Pa.Superior Ct. at 82, 406 A.2d at 347 (citations omitted).

In *McKee v. Southeast Delco School District*, 354 Pa. Superior Ct. 433, 512 A.2d 28 (1986), the trial court granted the plaintiff's new trial after it determined that it had erred in excluding evidence on the lack of seat belts. It was shown that the school district had instructed the operator of the school van service to make certain that the children were wearing the seat belts and the operator of the service had given such instructions to its drivers. Nonetheless, the injured minor was not wearing her seat belt at the time she was injured. The Superior Court apparently jettisoning *Parise*, held that expert testimony was not necessary and stated, "[I]t is by now common knowledge that seat belts are an effective safeguard against injury to occupants of motor vehicles." *Id.*, 354 Pa.Superior Ct. at 437, 512 A.2d at 29.

Finally, in *Grim v. Betz*, 372 Pa. Superior Ct. 614, 539 A.2d 1365 (1988), the court was presented with the exact question posed here. A brief background of facts common to that case and the present one is necessary. In 1983, the Legislature enacted the Act of November 1, 1983, P.L. 195, which required that all children under the age of four be restrained in a "child passenger restraint system". That act was amended and made immediately effective by the Act of November 23, 1987, P.L. 399, 75 Pa.C.S. § 4581 (Supp.1988–89), which also required that all occupants of automobiles four years old and up wear seat belts. Subsection (e) thereof provided:

In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; nor shall the failure to use a child passenger restraint system or safety seat belt system be considered as contributory negligence nor shall failure to use such system be admissible as evidence in the trial of a civil action....

75 Pa.C.S. § 4581(e).[1]

In *Grim*, a three year old child was killed in an accident and the other occupants were injured. The accident occurred after the effective date of the 1983 Act. The defendants moved to amend their pleadings to raise the defense of lack of seat belts. The trial court, in 1986, refused the amendment, citing the proper standard by which to decide the issue, and holding that the seat belt defense was contrary to Pennsylvania law. While the appeal therefrom was awaiting decision by the Superior Court, the 1987 amendments were passed and became effective. The Superior Court stated that, except for the three year old child who had been killed, the trial court was wrong in deciding that the law at that time did not permit the seat belt defense.

---

**1.** The only difference between this version and its predecessor was the additional phrase "or safety seat belt system" contained in the amended version.

Relying, however, on the well recognized concept that a reviewing court may affirm the tribunal below if correct on any grounds, *Butler v. DeLuca,* 329 Pa. Superior Ct. 383, 478 A.2d 840 (1984), the Superior Court affirmed the trial court because at the time the Superior Court was deciding the case following the effective date of the 1987 amendments, "the availability of a 'seat belt defense' in Pennsylvania, ceased to be an open question...." *Grim* at 620, 539 A.2d at 1368.

The Stouffers here argue that the present case is controlled by *Grim.* Neuder, on the other hand, argues that the Superior Court never discussed the question of the retroactive application of the 1987 amendments and viewing the question in terms of retroactivity leads to a conclusion that the amendment should be allowed.

The question of "retroactive" application of legislation is governed by the following concepts. "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. We have stated, "[W]here [legislation] concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage...." *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 183, 305 A.2d 757, 761 (1973) (citing *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 166, 110 A. 731, 732 (1920)). Although the line of demarcation between substance as opposed to mere procedure is indeed a hazy one, we have no hesitation in holding that a legislative determination that certain conduct cannot be considered in a negligence case is substantive and not mere procedure.

No citation is required for the well recognized concept that questions of duty in tort cases are questions of law. We do not dispute that the legislature can define duties in this regard. It is also beyond dispute that the courts can also decide what duties are in existence. Although we need not decide here if expert testimony is required to prove that the use of seat belts affects the severity of injuries in auto accidents, we believe that at the

time of this accident the Stouffers had a duty to wear the seat belts. *See McKee.* Given our view that at the time of this accident, there was a legal duty to wear seat belts and the 1987 amendments cannot be applied to this litigation, we can see no reason for not allowing the amendment to these pleadings. As amendment is to be liberally allowed at any stage of the proceedings and because the amendment is not contrary to any then existing positive rule of law, we believe the trial court's thoughtful decision to refuse to permit the amendment was an abuse of discretion.

■ The Stouffers argue that the accident report compiled at the time of the accident showed that seat belts were not being used. Accordingly, they argue that Neuder waited too long to raise the defense. The Superior court has held that a trial court's refusal to allow amendment solely on the basis of unreasonable delay and nothing more is an abuse of discretion. *Gutierrez v. Philadelphia Gas & Water Co.,* 352 Pa.Superior Ct. 282, 507 A.2d 1230 (1986). We agree with the Superior Court and hold that the Stouffers' argument is thus without merit.

## ORDER

NOW, July 26, 1989, the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, at No. A.D. 1986–380, dated August 13, 1988, is vacated and the matter is remanded so that the answer and new matter of defendant Beverly Neuder may be amended and that further proceedings may follow.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting.

I must respectfully dissent from the conclusion of the majority that there was a legal duty to wear seat belts on January 18, 1985, the date this accident occurred. The majority mistakenly relies on *McKee v. Southeast Delco School District,* 354 Pa.Superior Ct. 433, 512 A.2d 28 (1986) as authority for this conclusion. While this court is not

bound by a ruling of the superior court, I note that in *McKee* the superior court did not find that there was an affirmative duty to wear seat belts. Instead, it concluded that where the injury was *not* caused by contact between vehicles, evidence is admissible to show what caused the injury, even if the cause of the injury was the failure to wear a seat belt. *McKee*, 354 Pa.Superior Ct. at 437, 512 A.2d at 30. The *McKee* case was the only authority offered by the majority for its conclusion there was an affirmative duty to wear seat belts at the time of the accident in question.

Because no appellate court in the Commonwealth has squarely addressed the question of whether a common law duty ever existed to wear seat belts, this court cannot now retroactively create such a duty. The legislature has made it clear, that it intended in 1983 to *create*, not reaffirm, an affirmative duty to wear seat belts.

In responding to the public demand that seat belt use be made mandatory, the legislature enacted the child restraint law.[1] Under this provision the legislature, for the first time, placed an affirmative duty on parents and legal guardians to use child restraints on children under the age of four. In 1987 the legislature amended the child restraint law by making seat belt use mandatory for all drivers and front seat passengers.[2] Both of these acts made the failure to use restraints a summary offense with a maximum fine of $25 dollars, but prohibited a violation or alleged violation of the act from being used as evidence, for any reason, in a civil action.

Even if the majority's conclusion that there was a duty to wear seat belts is accepted, the majority erred when it viewed this case as a retroactive application of a statute. Statutes which do not impair contracts or disturb vested rights, but merely vary the procedural aspects or available

1. Section 4581 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 4581. The language of the act as passed in 1983 can be found in the Act of November 1, 1983, P.L. 195. This act was effective immediately.

2. Act of November 23, 1987, P.L. 399.

remedies, may be applied to causes of action which arose prior to the enactment, but do not come to trial until after the statutory change has occurred. *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960). In *Grim v. Betz,* 372 Pa.Superior Ct. 614, 539 A.2d 1365 (1988), the superior court forbade the "seat belt defense" despite the fact the accident in question had occurred prior to the 1987 amendment to 75 Pa.C.S. § 4581. Implicit in this decision is a finding that the 1987 amendment was a change in procedure, not a change in a substantive right, because in dicta the *Grim* court apparently found that use of a seat belt defense was not contrary to law, prior to the 1987 amendment. *Grim,* 372 Pa.Superior Ct. at 619, 539 A.2d at 1367. As a result, there is no question of an unlawful retroactive application of a statute in this case.

Accordingly, I would affirm the trial court.