## Logan v. Kemerer

*J. David Caruthers*, for plaintiff.
*Leonard R. Reeves*, for defendant.

ACKERMAN, *J.*, March 1, 1990 — Plaintiff, Lenora B. Logan, has filed preliminary objections to defendant's answer and new matter. The first objection is to defendant's "boilerplate" allegation in paragraph 12(A)(6) that plaintiff was negligent in the operation of her vehicle "[i]n otherwise violating the laws of the Commonwealth of Pennsylvania." At oral argument on these objections, counsel for defendant, William A. Kemerer Jr., has conceded that this allegation is overly broad and paragraph 12(A)(6) will be stricken. *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983).

The preliminary objections next address defen-

dant's raising of a "seat-belt defense" in paragraph 12(C)(2). Such a defense was legislatively proscribed with the passage of Act 82 of 1987, 75 Pa.C.S. §§4581-4585, which became effective November 23, 1987. The accident which is the subject of the present litigation occurred on December 2, 1986, prior to the passage of this legislation. The question is whether or not the act is to be applied to a case which evolved out of an accident which predates the act. Seemingly inconsistent conclusions have been reached in response to this question in our appellate courts.

In *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988), the Superior Court considered the act's application to an accident which occurred on May 26, 1983, and concluded that the legislation was an intervening change in the law that was to be applied to the case then on appeal even though the accident in question occurred prior to the 1987 amendments.

The Pennsylvania Commonwealth Court took the opposite tack in *Stouffer v. Commonwealth, Dept. of Transportation,* 127 Pa. Commw. 610, 562 A.2d 922 (1989), holding that the act which condemned the "seat-belt defense" was not retroactive and should not have been applied to a 1985 accident. The panel in *Stouffer* purports to have considered the Superior Court's holding in *Grim* and reaches the conclusion that *Grim* did not discuss retroactivity, which is true, but the result is certainly the application of the 1987 legislation by the *Grim* court to a 1983 accident.

Faced with this apparent conflict, I believe that it is prudent to follow the Superior Court's holding in *Grim* which is an en banc decision while the *Stouffer* decision is a panel opinion; and, because I

find Judge Palladino's dissenting opinion in *Stouffer* to be a persuasive argument as to why *Grim* rather than *Stouffer* is correct.

Accordingly, both of plaintiff's preliminary objections will be sustained.

## ORDER OF COURT

And now, March 1, 1990, plaintiff's preliminary objections are sustained; and paragraphs 12(A)(6) and 12(C)(2) of defendant's answer and new matter are hereby stricken.