J-S52002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRINA STEPANSKY, DMD; JOHN DOE; | : | No. 3220 EDA 2018 |
| HEALTH PARTNERS PLANS, INC.; | : | |
| WILLIAM S. GEORGE; AVESIS | : | |
| INCORPORATED; CHRIS SWANKER | : | |

Appeal from the Order Entered October 15, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  November Term, 2017, No. 01676

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 08, 2019**

Sergei Kovalev appeals, *pro se*, from the order entered October 15, 2018, in the Court of Common Pleas of Philadelphia County, denying reconsideration of the denial of his second attempt to file an amended complaint.  Kovalev's first complaint was dismissed on April 11, 2018, in its entirety and without prejudice, because it contained, in violation of Pa.R.C.P. 1028(a)(2), scandalous and impertinent material.  Also relevant to this appeal, on April 10, 2018, the trial court determined that Kovalev's complaint sounded in professional negligence and so required a certificate of merit to proceed.  Kovalev was ordered to file said certificate of merit within 20 days. He did not.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The convoluted background of this matter is as follows. Kovalev claims to have sought dental treatment from defendant, Dr. Irina Stepansky, DMD. However, Kovalev asserts he was tortured and mutilated during the course of unauthorized dental procedures performed by Dr. Stepansky and John Doe. In his first complaint, Kovalev claimed: "Defendant Stepansky can hardly be called a 'dentistry doctor' because she is nothing but a butcher enjoying human body mutilations." Complaint at ¶ 2.[1] We note the original complaint consisted of 270 paragraphs and 28 alleged causes of action, including Claim 12 – Sadistic Torture, and 20th Cause of Action – Human Body Mutilation.[2] The corporate entities sued allegedly took part in aiding and abetting Dr. Stepansky in her machinations and were partners in her fraudulent activities.[3] The claims against the corporate entities cannot survive if the claim against Dr. Kovalev fails.

Despite being informed that his complaint sounded in professional negligence and therefore required a certificate of merit, Kovalev responded by filing certificates claiming no certificate of merit was required. Kovalev sought permission to file an amended complaint but was denied relief, apparently

---

[1] Such assertions are found throughout the original complaint and rightfully form the basis of the dismissal of the complaint.

[2] Kovalev titled these randomly as claims for relief or causes of action.

[3] William S. George is apparently the CEO of Health Partners Plans, Inc., and Chris Swanker is apparently the CEO of Avesis Incorporated. Kovalev has made no argument in his brief specifically regarding the dismissal of the claims against the corporate entities and their CEOs.

because he failed to attach a proposed amended complaint or some other document indicating how his new complaint would correct the prior problems. On August 27, 2018, he again sought leave to file an amended complaint. This time he attached a proposed amended complaint to the motion. However, it still contained scandalous material and there was still no certificate of merit to support any of the allegations. Accordingly, on October 4, 2018 (docketed on October 8, 2018), the trial court denied, with prejudice, Kovalev's request to file an amended complaint. On October 10, 2018, he filed a motion for reconsideration that was promptly denied on October 15, 2018. Kovalev filed a timely notice of appeal on November 1, 2018 and a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal on November 21, 2018.

It merits mention Kovalev's Rule 1925(b) statement contains seven claims of error; his appellant's brief lists eleven points of error, although some of his numbered arguments just list facts without context. Five of the seven Rule 1925(b) claims are also found in the appellant's brief. We agree with the trial court opinion that asserts all of Kovalev's claims are a restatement of a single claim the trial court abused its discretion in denying Kovalev's request to file an amended complaint, with the exception of the claim the trial judge erred in failing to recuse herself.

While Kovalev was granted the opportunity to amend his complaint when the trial court dismissed his original complaint for containing scandalous

and impertinent material, he was not entitled to the absolute right to file an amended complaint.

We begin by noting:

> Our standard of review of a trial court's order denying a plaintiff leave to amend its complaint . . . permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion. *See Glover v. SEPTA*, 794 A.2d 410, 413 n. 4 (Pa. Cmwlth. 2002). The trial court enjoys "broad discretion" to grant or deny a petition to amend. *See Horowitz v. Univ. Underwriters Ins. Co.*, 397 Pa.Super. 473, 580 A.2d 395, 398 (1990). Amendment of pleadings is governed by Pa.R.C.P. 1033, which provides: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." Although the trial court generally should exercise its discretion to permit amendment, *see Pilotti v. Mobil Oil*, 388 Pa. Super, 514, 565 A.2d 1227, 1229 (1989); *cf.* Pa.R.C.P. 126 (encouraging liberal construal of the civil rules), where a party will be unable to state a claim on which relief could be granted, leave to amend should be denied. *See Stouffer v. Commonwealth, Dep't of Transp.,* 127 Pa.Cmwlth. 610, 562 A.2d 922, 923 (1989) [(overruled on other grounds)].

*The Brickman Group, Ltd. v. CGU Ins. Co.*, 865 A.2d 927-27 (Pa. Super. 2004).

Additionally,

> Leave to amend will be withheld where the initial pleadings reveal that the *prima facie* elements of the claim cannot be established and that the complaint's defects are so substantial that amendment is not likely to cure them.

*Roach v. Port Authority of Allegheny County*, 550 A.2d 1346, 1347-48 (Pa. Super. 1988) citing *Feingold v. Hill*, 521 A.2d 33, 39 (Pa. Super. 1987).

Here, the trial court noted the proposed amended complaint, now consisting of 360 paragraphs, was simply a restatement of the original, flawed

complaint. Moreover, even after the trial court ruled Kovalev needed a certificate of merit to proceed, Kovalev ignored the trial court and filed "certificates" that asserted no certificate of merit was required. Kovalev still asserts no certificate of merit is required. The trial court, recognizing these significant flaws, saw no purpose in allowing the amended complaint to be filed, and dismissed the action. Our review of the record finds no abuse of discretion or error of law in that ruling. Accordingly, Kovalev cannot prevail in this endeavor.

Although Kovalev did not specifically include a challenge to the order requiring him to file a certificate of merit in his Rule 1925(b) statement, that issue might be considered as encompassed in his general assertion that he should have been allowed to file his amended complaint. Kovalev argues that a certificate of merit is not required for the intentional, criminal actions he charges Dr. Stepansky committed against him. Kovalev misinterprets the law. Kovalev's assertions are based on claims that Dr. Stepansky mistreated him by performing services that went beyond those professional dental services he requested.

> Medical malpractice is defined as the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." ***Toogood v. Owen J. Rogel, D.D.S., P.C.***, 573 Pa. 245, 824 A.2d 1140, 1145 (2003). "[T]o prevail in a medical malpractice action, a plaintiff must 'establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm.'" ***Id.*** (quoting ***Hightower-***

*Warren v. Silk*, 548 Pa. 459, 698 A.2d 52, 54 (1997)). Thus, the basic elements of medical malpractice and ordinary negligence are the same, although medical malpractice has some distinguishing characteristics. *See **Grossman [v. Barke]**,* 868 A.2d [561] at 566 [(Pa. Super. 2005)]. The **Grossman** Court drew the distinction between ordinary negligence and medical malpractice as follows:

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

*Id.* at 570 (quoting ***Byrant v. Oakpointe Villa Nursing Centre***, 471 Mich. 411, 684 N.W.2d 864, 871 (2004)). Therefore, "where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action." ***Yee v. Roberts***, 878 A.2d 906, 912 (Pa. Super. 2005).

***Ditch v. Waynsboro Hospital***, 917 A.2d 317, 312-22 (Pa. Super. 2007).

Kovalev's complaint details allegations, including, but not limited to, improper dental cleaning (¶ 48), removal of portions of teeth (¶ 55), and not

finishing dental work (¶ 60).[4]    Although Kovalev's complaint contains many bizarre allegations, the underlying claim involves questions of medical judgment.  Accordingly, the trial court correctly required Kovalev to file the proper certificate.  His refusal to do so has contributed to the failure of his complaint.

It is apparent from our review of the certified record that the trial court correctly determined Kovalev would not be able to file a competent complaint, as well as refusing to supply the required certificate of merit.  Therefore, there was no abuse of discretion in denying his request to file an amended complaint.

In addition to this issue, Kovalev also complains the trial judge, the Honorable Shelly Robins-New, erred in failing to recuse herself.  The standard of review for the denial of a motion to recuse is well settled:

> [Our Supreme Court] presumes judges of this Commonwealth are "honorable, fair and competent," and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. ***Commonwealth v. White***, 557 Pa. 408, 734 A.2d 374, 384 (1999). The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the "decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." [***Commonwealth v.***] ***Darush***, [459 A.2d 727] at 731 [(Pa. 1983)].

---

[4] Interestingly, Kovalev claims not remembering much of this treatment because he supposed Dr. Stepansky injected him with some unknown form of hypnotic and/or sedative drug that caused temporary loss of consciousness and/or short-term memory loss (¶¶ 58, 59, 63, and several more).

***Commonwealth v. Druce***, 848 A.2d 104, 108 (Pa. 2004).

Here, Kovalev has provided no evidence of prejudice, bias or unfairness; he has simply noted that the trial judge has ruled against him. Adverse rulings, especially legally correct adverse rulings, are not evidence regarding an inability of a jurist to provide a fair and impartial trial. Kovalev is not entitled to relief on this issue.[5]

Health Partners Plans, Inc.'s and William S. George's Application to Strike Kovalev's Reply Briefs is denied.

Order affirmed. Application to Strike Reply Briefs denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19

---

[5] Kovalev has claimed a prior judge assigned to his case also erred in failing to recuse herself. Kovalev has provided no support for this claim in his brief. Accordingly, this claim is waived.