## Powell *v.* T. Bruce Campbell Construction Company, Appellant.

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Nathan Routman,* with him *Routman, Moore & Goldstone,* for appellant.

*Alvah M. Shumaker,* with him *Albert E. Acker,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 12, 1963:

Loy F. Powell, the plaintiff in this case, was engaged in painting the structural steel of a building being erected by the defendant, T. Bruce Campbell Construction Company, when he fell from a girder he was

traversing and was seriously injured. He brought suit against the Campbell Company, charging negligence, and recovered a verdict. The defendant company has appealed, contending that it is entitled to judgment n.o.v. on the basis that the plaintiff was guilty of contributory negligence.

The facts briefly are as follows. The steel skeleton structure of the involved buildings consisted, as many steel buildings do, of vertical columns and horizontal girders. The girders were about five inches wide and the distance between the girders, on the various horizontal levels, was four or five feet. To hold these girders to an accurate alignment, steel rods penetrated the girders at five or six-foot intervals. Each end of the rods was threaded and thus could receive a nut which screwed on and held the rod in place. One walking on these five-inch-wide girders could assure himself of safety by sliding his arm along over the girder above him. When he would get to a tie rod, he would have to move around the rod, to reach the other side of it. Whether it was a prudent thing, in getting by the rod, to grasp the rod and swing around it is the question of alleged contributory negligence in this case.

On the day of the happening, which made Powell a plaintiff, he was painting the steel work of a building being erected for the Medusa Portland Cement Co., in Wampum, Pennsylvania, when the warning of some dynamite blast being conducted in the immediate vicinity sent him scurrying to a sheltered area to escape flying debris. The blast terminated, he started back to the place where he had left his paint bucket. He walked along one of the girders heretofore described and as he reached one of the tie rods he took hold of it, with the intention of swinging around it. As it developed later, the nut at one end of this rod had not been screwed on tightly, it slipped off, the rod broke

away from its moorings and the plaintiff plunged head downward 40 feet to the ground.

The defendant contends that Powell's mishap was caused by his own heedlessness. It argues that he should have moved with more circumspection and less speed, that he should not have depended on the tie rod to hold him and that he should have inspected the tie rod to make certain that a part of the threaded end appeared above the nut, and this would have assured him that the nut was securely fastened.

A professional painter working on structural steel must know how to move with celerity, and he has the right to expect that his co-workers have the professional skill to do their job well. Otherwise skyscrapers would never reach higher than treetops. With the accelerated tempo of every modern construction job, no time is allowed for a skilled workman to imitate the snail or to be afraid of height. If the average pedestrian, who never gets into the open spaces of steel construction found himself treading a girder forty feet above the ground, he would undoubtedly seize and hold on for dear life to the first firm object in sight, but Powell was a veteran steel climber. He had been a painter for 16 years and during that time had painted radio towers, stacks, water tanks, and flag poles. One tower he had painted was 550 feet high. Heights which would "freeze" a lawyer or judge were as mere ground level to him. Thus the test to apply to him as to whether he was careless is not the one which would apply to the ground enthusiast.

If Powell were required to see whether each rod he touched in the performance of his painting job was properly and securely nutted, why wouldn't he be required also to make certain that each girder was securely anchored? And if each steel worker had to exercise that type of Milquetoast caution, years might pass before the flag of completion would be hoisted on the

top floor of the structure. All that Powell was required to do was to exercise due care under the circumstances, and the jury found that he did do just that.*

In getting back to his paint bucket after the dynamite explosion, the plaintiff moved for a distance of 40 feet over the 5″ girders, passing en route some 6 tie rods, swinging around all of them without mishap. It could well be that in the entire building all the tie rods were properly nutted with the exception of the seventh one Powell touched on that lofty and fateful journey. Some worker, in a moment of abstraction or outright negligence, had failed to give the surmounting nut a sufficient twirl so that the threads beneath might securely enter into the grooves of the holding nut. Whether this constituted the type of negligence which made his employer liable in damages was strictly a question of fact. Discussing negligence and contributory negligence, the learned Court below said: "We cannot say that the loosening of the nut, if the jury found this to be the fact, was such a transitory peril that the jury could not properly hold the defendant responsible for it. The defendant argues strongly that we should declare the plaintiff guilty of contributory negligence as a matter of law because he failed to take the moment of time which was necessary to glance at the nut to determine whether sufficient rod was visible to guarantee his safety. He suggests that the exercise of ordinary care by the reasonable man demands at least this much. The jury reached a contrary conclusion and we believe they were justified in it."

So do we.

Judgment affirmed.

---

* *Gregorius v. Safeway Steel Scaffolds*, 409 Pa. 578.