562 A.2d 920

**Stella TAYLOR, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided May 31, 1989.

Publication Ordered Aug. 15, 1989.

Thomas A. Crawford, Jr., Pittsburgh, for petitioner.

Richard D. Michlovitz, Harrisburg, for respondent.

Before CRAIG and DOYLE, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

This is a petition to review the decision and order of the State Employes' Retirement Board (Board), which denied Stella Taylor's (petitioner) application for disability retirement benefits. We affirm.

Petitioner worked for the State Department of Public Welfare, beginning March 17, 1972, and was enrolled in the State Employes' Retirement System. She was hospitalized with a foot injury in February, 1978, and returned to work on a part-time basis. On September 22, 1978, she was notified that her part-time work would terminate as of October 2, 1978. She was advised that she could request either a leave of absence without pay for six months, or a full time job if released by her physician. She was instructed to communicate with the personnel department.

Petitioner's job was terminated on October 2, 1978. Petitioner did not withdraw her pension contributions and admits that she could have done so, and admits that she was further advised that she may have been qualified for a disability annuity. Instead, she filed a grievance with her union, which was subsequently settled with the Commonwealth. The agreement contained the proviso that petitioner would be placed on leave without pay status from October 3, 1978 through February 15, 1981. In addition, she could apply for disability retirement if she were on leave without pay. Her employer placed her on leave without pay, but petitioner did not apply for disability retirement. Petitioner rejected the agreement, and instead filed with the Pennsylvania Labor Relations Board (PLRB) an unfair practices charge against the state and her union. This charge was dismissed and petitioner appealed to this court, which affirmed the PLRB.

On August 15, 1986, about eight years after the termination of her employment, petitioner sought disability retirement, which was denied.

Our scope of review is limited to a determination of whether the Board violated constitutional rights, committed an error of law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The present issue is whether the Board committed an error of law in interpreting the provisions of the State Employees' Retirement Code (Code), 71 Pa.C.S. §§ 5101–5956. The Code provides:

Disability Annuity.—An active member or inactive member on leave without pay ... shall, upon compliance with section 5907(k), be entitled to a disability annuity if prior to attainment of superannuation age he becomes mentally or physically incapable of continuing to perform the

duties for which he is employed and qualifies in accordance with the provisions of section 5905(c)(1)....

Section 5308(c) of the Code.

An active member is defined as, "A state employee, or a member on leave without pay, for whom pickup contributions are being made to the fund." Section 5102 of the Code.

Although petitioner was neither an active member nor a member on leave without pay when she requested her disability retirement benefits, she relies on section 5704(a) of the Code which provides that one found to be eligible for a disability annuity shall receive a disability annuity payable effective from the date of disability as determined by the Board.

Petitioner's reliance on this provision is misplaced. This Code provision must be read in its proper context, not only in connection with sections 5102 and 5308(c) as cited above, but also in conjunction with section 5907(k). Section 5907(k) of the Code provides that a member under superannuation age, who is terminated because of a physical incapacity, may file an application for disability annuity. Section 5704(a) of the Code must also be read in conjunction with section 5905(c)(1), which describes the duties of the Board upon the filing of such application, namely, a finding of disability and the date of such disability.

Here, the petitioner did not file a disability retirement application when she became physically incapacitated and, of course, the Board could not find disability nor establish its date. Pursuant to the limitations on eligibility set forth in section 5308(c), petitioner was required to be either an active member or an inactive member on leave without pay in order to be eligible for a disability annuity. Petitioner failed to apply while she was either an active or inactive member.

Petitioner must qualify first for disability retirement before it becomes effective. The fact that petitioner had been

contesting her employment termination during this period did not relieve her of this obligation.

Accordingly, we affirm.

## ORDER

NOW, May 31, 1989, the order of the State Employes' Retirement Board, dated August 5, 1988, is affirmed.

## ORDER

NOW, August 15, 1989, it is ORDERED that the above-captioned opinion filed May 31, 1989, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.