SCHAEFFER, P.J.,
The instant case raises the viability of the so-called “seat belt defense” as it may apply to persons who were injured in automobile accidents prior to the effective date of the Act of November 23, 1987, no. 82, 75 Pa.C.S. §4581, which eliminated the defense.
Plaintiff’s decedent in the above estate, Tiffany Geibel, died as a result of injuries suffered in an automobile accident which occurred on October 12, 1985. Ms. Geibel was a passenger in an automobile operated by her mother, defendant Frances E. Fies.
Defendant Pennsylvania Department of Transportation now wishes to amend its answer with new matter to set forth as an affirmative defense the alleged fact that plaintiff’s decedent was not wearing a seat belt at the time of the accident and that her injuries were, at least in part, caused by that failure.
This court first considered the “seat belt defense” in the case of Caroline A. Diebert v. Brian C. Engelhardt, no. 38 March 1987, and in the companion case of Norman G. Yeager and Theresa Yeager, his wife, v. Brian C. Engelhardt, no. 76 March 1987. A court en banc, consisting of President Judge Schaeffer, Judge W.R. Eshelman, Judge T.J. Eshel-man and Judge Calvin E. Smith, heard that case, and the court, President Judge Schaeffer dissenting, decided that there was no seat belt defense available in Pennsylvania prior to the Act of November 27, 1987, no. 82, 75 Pa.C.S. §4581.
The majority in that case did not write an opinion. Schaeffer, P.J., wrote a dissenting opinion in which he set forth the reasons why he believed that the seat belt defense was viable and should be allowed.
Since our decision in Yeager, supra, and Diebert, supra, the Superior Court of Pennsylvania has held that there is no seat belt defense in Pennsylvania, *304 Grim v. Betz, 372 Pa. Super. 614, 539 A.2d 1365 (1988), and the Commonwealth Court has held that there is, Stouffer v. Commonwealth, Dept. of Transportation, 127 Commw. 606, 562 A.2d 922 (1989).
In the case at bar, the Commonwealth is a defendant and, therefore, any appeal will go to the Commonwealth Court.
I find that under the law as it was on October 12, 1985, a defendant should have the right to raise, and an opportunity to prove, that a plaintiff’s failure to wear an available seat belt was causal negligence. I also believe that the failure to wear an available seat belt relates to liability and not to the mitigation of damages.
While legislative enactments provide valuable guideposts to assist a fact finder in determining whether particular conduct rises to the level of negligence, the test for contributory negligence is not so limited. Contributory negligence is any neglect of the duty imposed upon a person to exercise ordinary care for his own protection and safety. Restatement (Second) of Torts §§463, 464(1); Powell v. T. Bruce Campbell Construction Company, 412 Pa. 456, 194 A.2d 883 (1963); Mroz v. Dravco Corp., 429 F.2d 1156 (1970). In deciding what duties are imposed on an actor in a given set of circumstances, we must determine how a reasonably prudent person would act and judge whether the actor’s conduct falls below that standard. Jewell v. Beckstine, 255 Pa. Super. 238, 244, 386 A.2d 597, 599 (1978).
The empirical evidence I have examined persuades me that seat belts, when used, do prevent or mitigate injuries in motor vehicle accidents.[1] In *305 many cases seat belts can, and do, save lives. I take judicial notice of the fact that driving is a dangerous necessity in contemporary society. Reasonable drivers and reasonable passengers are mindful of the dangers all of us encounter every day we drive. For almost 20 years, the motoring public has been exposed to a concerted national public relations campaign advising seat belt use and showing, often dramatically, that seat belt use will minimize the danger of highway travel. Federal regulations require that all new cars manufactured in or imported into this country be equipped with seat belts. Moreover, the legislators of a majority of our states have concluded that seat belt use is required for the public safety and have replaced persuasion with mandatory legislation requiring seat belt use.[2]
*306 On the basis of this information and as a matter of common knowledge, I find that a reasonable person is aware of the added safety that seat belt use provides to occupants of motor vehicles. McKee v. Southeast Delco School District, 354 Pa. Super. 433, 512 A.2d 28 (1986). Therefore, an occupant of an automobile, being required to exercise reasonable care for his own protection at all times, should wear a seat belt if available, and his failure to do so can be causal negligence depending upon the circumstances. Smalich v. Westfall, 440 Pa. 409, 417-8, 269 A.2d 476, 482 (1970); Zavodnick v. A. Rose and Son, 297 Pa. 86, 91-2, 146 Atl. 455, 456 (1929); Schomaker v. Havey, 291 Pa. 30, 139 Atl. 495 (1927). Accordingly, I find that whether or not a plaintiff who fails to wear an available seat belt when riding in an automobile is guilty of conduct which falls below the standard of conduct to which a reasonable person would conform is a jury question. Evidence of a passenger’s failure to wear a seat belt, therefore, is admissible evidence of negligence in a civil action.
For the above reasons, I conclude that the standard of ordinary care can impose a duty on the motoring public, driver and passenger alike, to use seat belts independent of any statutory mandate.[3] I *307 also find that a jury in the case at bar could find that the plaintiff’s decedent’s failure to wear a seat belt was a substantial factor in bringing about her own harm.
We note that the failure to wear a seat belt need not be the cause of the accident. It is sufficient if it is the cause of the claimant’s harm. Therefore, it is not essential that the contributory negligence substantially contribute to the accident. It is only necessary that the negligence substantially contribute to the harm. Restatement (Second) of Torts §463 defines contributoiy negligence as conduct on the part of the plaintiff which is negligence “and which is a legally contributing cause cooperating with the negligence of the defendant in bringing about plaintiff’s harm. ” (emphasis supplied)
Passenger injuries in automobile accidents result from the impact of the passenger’s body with some other object. The initial accident may create forces which tend to propel the passenger’s body toward a particular object, but it can be the lack of a seat belt which permits those forces actually to propel the passenger’s body into the object. Therefore, our concern is not whether the plaintiff’s decedent’s conduct caused the initial accident, but whether it is in some way related to the impact between the plaintiff’s decedent’s body and the other object, that is, to the impact which caused the plaintiff’s decedent’s harm. Failure to wear a seat belt obviously can be a substantial factor in causing this impact. If *308 defendant can show, for example, that if plaintiff’s decedent had been wearing a seat belt, plaintiff’s decedent would not have struck the inside of the vehicle in which she was riding, or would not have been ejected from the vehicle and that some or all of the plaintiff’s decedent’s injuries resulted from that striking or that ejection, then the failure to wear a seat belt would be a substantial factor in causing that portion of her harm.
Thus, I find that a jury could conclude, in the case at bar, that if the facts which the Commonwealth wishes to allege in its proposed new matter are established, plaintiff’s decedent’s failure to wear a seat belt was (1) negligence, and (2) a substantial factor in causing her own harm. Thus, the defendant should be allowed to raise in its new matter the seat belt defense.
I find my conclusion is supported by Pennsylvania law and is governed by the decision of the Commonwealth Court in the case of Stouffer v. Commonwealth, Dept. of Transportation, 127 Pa. Commw. 606, 562 A.2d 922 (1989).
Since any appeal from the decision of this court will go to the Commonwealth Court, I agree that we are «bound by the Stoujfer case. Accordingly, I join in entering the following
ORDER
And now, November 16, 1990, it is hereby ordered that defendant Commonwealth of Pennsylvania, Department of Transportation, be, and it hereby is, granted leave to amend its new matter to assert a seat belt defense against plaintiff in this matter.

. In 1974 Secretary of Transportation Brinegar reported to Congress that:
*305 “Of the 56,000 people killed in highway crashes during 1973, 40,000 were occupants of motor vehicles. At least 30,000 of these vehicle occupants died as a result of being hurled against their dashboards or ejected onto the roadway. Our analysis indicated that as many as half of these 30,000 people could have been saved had they used a proper restraint system.” Legal Issues Presented by Motor Vehicle Restraint Systems, 17 Akron L.R. 781 (1984).
In addition, scientific research has discovered that less than 1 percent of all persons killed in automobile accidents died because the vehicle which they occupied burned or was submerged, trapping them inside. The Seat Belt Defense: A Comprehensive Guide for the Trial Lawyer and Suggested Approach for the Courts, 56 Notre Dame Lawyer 272, 281 (1980). See also, The Seat Belt Defense — The Sophist’s Escape, 41 Temple L.Q. 126 (1967), 16 Am. Jur. P.O.F. 351.

. These states have already passed legislation mandating the use of seat belts in motor vehicles: California, Connecticut, District of Columbia, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Utah and Washington. Pennsylvania *306 AAA Federation Bulletin 71, July 8, 1986. Gaettner v. Saloum, 70 Erie L.J. 65, 67 (1987).

. The recent amendment to the Child Passenger Protection Statute, Act of November 27, 1987, P.L. 399, no. 82, §5 et seq., 75 Pa.C.S. §4581, creating a new statutory obligation for most front seat occupants of motor vehicles to wear seat belts, does not govern this particular cause of action. While the legislation specifically provides that a person’s failure to buckle up cannot be considered as evidence in the trial of “any civil action,” the legislature made no provision for the new amendment to have retroactive effect. Therefore, the amend *307 ment has prospective application only to those causes of action which arose after the new amendment’s effective date. 1 Pa.C.S. §1926; see also, Costa v. Lair, 241 Pa. Super. 517, 363 A.2d 1313 (1976). It is interesting to note that the legislature must have considered an occupant’s causal negligence. Otherwise, the legislature would have had no need to create by statute this limited area of immunity.