J-A34018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

LISA ROVINSKY AND JOSEPH     :     IN THE SUPERIOR COURT OF
ROVINSKY,     :     PENNSYLVANIA
    :
            Appellants     :
    :
         v.     :
    :
LOURDESMONT/GOOD SHEPHERD     :
YOUTH AND FAMILY SERVICES,     :
SISTERS OF THE GOOD SHEPHERD     :
PROVINCE OF MID-NORTH AMERICA,     :
METZ & ASSOCIATES, LTD, AND METZ     :
CULINARY MANAGEMENT,     :
    :
            Appellees     :     No. 681 MDA 2014

Appeal from the Order Entered March 31, 2014,
In the Court of Common Pleas of Lackawanna County,
Civil Division, at No. 2011-02304.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.:             **FILED MARCH 31, 2015**

Lisa Rovinsky ("Appellant") and Joseph Rovinsky,[1] appeal from the

March 31, 2014 order entering summary judgment in favor of

Lourdesmont/Good Shepherd Youth and Family Services, Sisters of the Good

Shepherd Province of Mid-North America, Metz & Associates, LTD, and Metz

---

[1] Appellant's husband, Joseph Rovinsky, is a party to this action insofar as he filed a derivative loss of consortium claim at count three of the amended complaint.  Amended Complaint, 2/24/12.  Throughout this memorandum, when we refer to "Appellant," we are referring to Lisa Rovinsky.

Culinary Management (collectively "Appellees") in this slip-and-fall case.[2]

After review, we affirm.

The relevant facts and procedural history of this matter were set forth

by the trial court as follows:

> The instant matter arises out of an April 13, 2009 incident which took place at the former Lourdesmont facility in Clarks Summit, Pennsylvania. On that date, [Appellant] was present at the facility as a business invitee. She was employed by the Northeastern Educational Intermediate Unit 19 as a Paraeducator, and was performing as a lunch monitor on April 13, 2009. *See* Transcript of December 20, 2012 Oral Deposition of Lisa Rovinsky at pg. 10, 18, 27.
>
> On the date in question, a food fight took place in the cafeteria that [Appellant] was monitoring. According to [Appellant's] testimony, the fight broke out in the middle of a twenty minute lunch period and lasted approximately five to seven minutes. [Transcript of December 20, 2012 Oral Deposition of Lisa Rovinsky] at 29. As [Appellant] was exiting the cafeteria after the food fight, she slipped in a clearish/reddish fluid and was injured. Id. at 41.

Trial Court Opinion, 6/19/13, at 1-2.

Appellant filed a *praecipe* for writ of summons on March 11, 2011.

Thereafter, on October 17, 2011, Appellant filed a complaint against

Appellees alleging negligence, and on February 24, 2012, Appellant filed an

---

[2] In a prior order, filed on June 19, 2013, the trial court granted summary judgment in favor of Lourdesmont/Good Shepherd Youth and Family Services and Sisters of the Good Shepherd Province of Mid-North America. The March 31, 2014 order granted summary judgment in favor of the remaining defendants, Metz & Associates, LTD, and Metz Culinary Management. Appellant's notice of appeal, filed on April 16, 2014, clarifies that she is appealing the March 31, 2014 order, which made final the June 19, 2013 order, as it disposed of all claims and all parties.

amended complaint. In a final order filed March 31, 2014, the trial court granted the remaining defendants' motion for summary judgment. This appeal followed.

On appeal, Appellant presents three issues for this Court's consideration:

A. Whether the trial court erred in granting summary judgment where [Appellant] did not voluntarily assume the risk but instead was acting in the course of her employment and whether the route chosen by [Appellant] is considered dangerous, safe, or if alternatives exist is a genuine issue of material fact that should be decided by the finder of fact?

B. Whether the trial court erred in granting summary judgment where [Appellees'] failure to establish policies and procedures to prevent food fights from happening again, having cleanup procedures in place following such food fights, and such failures put [Appellant] at risk as a business invitee are genuine issues of material fact which preclude summary judgment?

C. Whether summary judgment was not appropriate at the time of [Appellees'] motion because discovery was incomplete, expert reports were not exchanged and the record was underdeveloped?

Appellant's Brief at 4 (intermittent capitalization omitted).

An order granting summary judgment is subject to the following scope and standard of appellate review:

Our standard of review [in] an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non[-]moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Shepard v. Temple University**, 948 A.2d 852, 856 (Pa. Super. 2008) (quoting **Murphy v. Duquesne University**, 777 A.2d 418, 429 (Pa. 2001)).

Appellant argues that the trial court erred in granting summary judgment because Appellant did not voluntarily assume the risk of falling when she walked through the cafeteria following the food fight. Appellant's Brief at 15. We conclude that the trial court committed no error or abuse of discretion in granting Appellees' motion for summary judgment because Appellant's assertion is belied by the record.

It is undisputed that Appellant was a business invitee at the Lourdesmont facility at the time of her fall.

When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. By voluntarily proceeding to encounter a known or obvious

-4-

danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers.

*Montagazzi v. Crisci*, 994 A.2d 626, 635-636 (Pa. Super. 2010), (quoting

*Carrender v. Fitterer*, 469 A.2d 120, 125 (Pa. 1983)).

Appellant claims that *Quinn v. Funk Bldg. Corp.*, 263 A.2d 458 (Pa.

1970), supports her argument. Appellant's Brief at 14-16. We disagree.

The relevant facts in *Quinn* are as follows:

The plaintiff, a structural ironworker, was injured while working for Acme Welding and Erection Co. at the Mayfair Shopping Center in Bethel Park, Pa. Acme was the project's subcontractor for the erection of the structural steel. At the time, the shopping center building was only partially erected; only the steel columns, together with the steel beams which connected them, were in place. The structure was divided into a number of forty-eight foot square bays. Spanning each bay, from beam to beam, were "bar joists," steel members which were to support the roof. These bar joists were not of the same weight or strength as the steel beams and were intended to support only the roof and whatever snow might accumulate on it. The roof was to be constructed by first placing steel decking upon the bar joists and then placing insulation on top of the decking.

Although the bar joists were laid in place, they were not initially secured to the beams; they were to be secured at a later stage of construction. Approximately one week prior to March 22, 1968, the date on which plaintiff sustained his injuries, bundles of steel decking were placed upon the bar joists under the direction of Sylvan (a sub-subcontractor under defendant Funk for the installation of the decking) by a crane and crew

which it had hired. Because of the weight of these bundles of steel decking and their placement away from the supporting beams, the bar joists sagged and bowed.

Shortly before the accident, the plaintiff was told by his foreman, a Mr. Dawson, to get a ladder from the far side of one of the bays. In doing so, he walked beneath five or six bar joists on which were resting two bundles of steel decking. While he was walking back with the ladder, the bar joists gave way and, together with the bundles of decking, fell upon the plaintiff causing him serious bodily injury.

**Quinn**, 263 A.2d at 460.

The plaintiff in **Quinn** subsequently filed an action to recover damages for the injuries he sustained. **Quinn**, 263 A.2d at 460. Following a trial, the jury returned a verdict in favor of the plaintiff against one of the original defendants, Sylvan Sheet Metal Company ("Sylvan"), in the amount of $125,000. Sylvan filed a motion for judgment n.o.v. ("JNOV") and a new trial. The trial court denied Sylvan's motions, and Sylvan appealed. Thus, the issue presented on appeal in **Quinn** was whether the trial court erred in denying Sylvan's motion for JNOV.

The Supreme Court concluded that:

reasonable minds could well have differed as to whether the plaintiff unreasonably placed himself in a situation known to him to be dangerous. We cannot hold, therefore, that plaintiff was contributorily negligent as a matter of law. The motion for judgment n.o.v. on this ground was properly denied.

**Id**. at 462.

We conclude that **Quinn** is distinguishable from the case at bar. In **Quinn**, the plaintiff's injuries were caused not by slipping and falling on a known and obvious hazard, but rather by objects falling on him while walking a path that he had traversed safely immediately prior to the accident. The Court in **Quinn** reiterated: "We have often said that in cases of falling objects the proof necessary to establish negligence under the circumstances need be only slight." **Id**. at 461.

In **Quinn**, the Supreme Court found that "Plaintiff, having sustained a concussion, had no recollection of the accident or the events immediately preceding it. He could not, therefore, testify as to his motivation in choosing to walk under the bar joists or his assessment of the danger involved." **Id**. at 461. Finally, the Supreme Court found that the plaintiff "had little reason to appreciate that these bowed bar joists represented a significant danger to him. They had remained stationary and, though bowed, had supported the decking bundles for a week. In going to get the ladder almost immediately before the accident, he had taken the same route without mishap." **Id**. at 462.

In the case at bar, we have markedly different facts, a different procedural posture, and none of the favorable findings that supported the plaintiff's claim in **Quinn**. As evidenced by her deposition testimony, Appellant admitted that there was a food fight resulting in food and liquid

being strewn across the walls and floor of the cafeteria. Deposition of Appellant, 12/20/12, at 28-32. Furthermore, Appellant admitted that she chose to walk across the obviously soiled floor:

Q.[Counsel for Appellees:] As you were exiting the cafeteria and before you fell, were you looking at the ground in front of you?

A.[Appellant:] No.

Q. Why not?

A. Because I don't look at the ground.

Q. Do you recall where you were looking when you first felt yourself slip?

A. I was looking everywhere.

Q. Would that be everywhere but the ground?

A. No. I'm just -- I'm just looking to where I was going.

*Id*. at 44.

Upon review, we conclude that the record supports the trial court's findings that Appellant was aware that the floor was covered in spilled food and beverages, chose to walk across the floor despite the spills, and admitted that she did not look down at the floor where she was walking. Accordingly, we discern no abuse of discretion in the court's determination that Appellant assumed the risk of walking across the soiled floor, and therefore, Appellees owed her no duty. ***Carrender***, 469 A.2d at 124.

Because there was no duty owed, a necessary element of negligence,[3] Appellant could not have succeeded in her claim. For these reasons, we further agree with the trial court's conclusion that Appellees were entitled to judgment as a matter of law. *Shepard*, 948 A.2d at 856.

Moreover, because we conclude that Appellant could not establish the necessary elements of negligence, Appellant's remaining issues are meritless. No expert report or school policy against food fights would alter the fact that Appellant admitted that she was aware of the floor's condition and assumed the risk involved. Therefore, as stated above, Appellees owed her no duty. *See Carrender*, 469 A.2d at 125 (reiterating that plaintiff cannot recover where plaintiff's own testimony indicated that danger was open and obvious).

For the reasons set forth above, we conclude that the trial court committed no abuse of discretion or error of law in granting summary judgment in favor of Appellees. Accordingly, we affirm.

Order affirmed.

---

[3] It is well settled that when a plaintiff is complaining of negligence, the plaintiff must prove the essential elements of duty, breach, causation, and damages. *Wittrien v. Burkholder*, 965 A.2d 1229 (Pa. Super. 2009). As noted above, summary judgment is proper where the plaintiff fails to prove an essential element of her cause of action. *Shepard*, 948 A.2d at 856.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015